IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MALCOLM MUHMMAD, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:11cv00610 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| M. STANFORD, *et al.*, | ) | By: Robert S. Ballou |
|     Defendants. | ) | United States Magistrate Judge |

    Malcolm Muhammad, a Virginia inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Muhammad raises claims concerning a shaving pass[1], allegedly false disciplinary charges[2], and dental issues[3]. Muhammad's complaint attempts to join together in one action a variety of unrelated legal claims and nine separate defendants. As it stands, Muhammad's complaint runs afoul of the joinder rules under the Federal Rules of Civil Procedure[4] and the filing fee requirements of the PLRA.

    Because Muhammad is proceeding *pro se*, the court will permit him to file an Amended Complaint, meeting the requirements of Rules 18 and 20 of the Federal Rules of Civil Procedure, within twenty (20) days of the entry of this Order. Such Amended Complaint may join multiple defendants ONLY if (1) the right to relief asserted against them arises out of the same transaction

---

[1] With regard to the shaving pass, Muhammad alleges that certain defendants denied him adequate medical treatment, subjected him to cruel and unusual punishment, and denied him due process.

[2] With regard to the allegedly false disciplinary charges, Muhammad alleges that certain defendants retaliated against him, filed the false disciplinary charges, and denied him due process.

[3] With regard to the dental issues, Muhammad alleges that certain defendants denied him adequate medical treatment for his dental issues, which included a tooth that needed to be removed, three abscessed teeth, and removal of stitches in his gums.

[4] Under Rule 18(a), which governs joinder of claims, a plaintiff may bring multiple claims, related or not, in a lawsuit against a single defendant. However, in order to name other defendants in the same lawsuit, the plaintiff must satisfy Rule 20(a)(2), which governs joinder of parties. Rule 20(a)(2) permits joinder of multiple defendants only where the right to relief asserted against them arises out of the same transaction or occurrence and concerns a common question of law or fact. On its face, that is not the case here, and Muhammad's case may not proceed as filed.

or occurrence, or series of transactions or occurrences, AND (2) a question of law or fact common to all defendants exists.  Should Muhammad fail to timely file an Amended Complaint, or file an Amended Complaint that seeks to join disparate claims in violation of Rule 20, the court will dismiss the entire action without prejudice.

## I.

Muhammad's complaint runs afoul of Rules 18 and 20 of the Federal Rules of Civil Procedure concerning joinder of claims and parties.  Rule 18(a) of the Federal Rules of Civil Procedure only allows a plaintiff to join "either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."  Rule 20 of the Federal Rules of Civil Procedure only allows the joinder of several parties if the claims arise out of the same transaction or occurrence, or series thereof, and contain a question of fact or law common to all the defendants.  See 6A Wright, Miller and Kane, Federal Practice and Procedure § 1583 (2d ed. 1990) (noting that, under Rules 18(a) and 20, if the claims arise out of different transactions and do not involve all defendants, joinder should not be allowed).  Under these rules, "a plaintiff may name more than one defendant in a multiple claim lawsuit only if the claims against all defendants arose out of the same incident or incidents and involve a common factual or legal question."  Green v. Denning, No. 06-3298, 2009 U.S. Dist. LEXIS 15738, 2009 WL 484457, at *2 (D. Kan. Feb. 26, 2009).  These procedural rules apply with equal force to *pro se* prisoner cases.  Indeed, "[r]equiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents 'the sort of morass [a multiple claim, multiple defendant] suit produce[s]."  Id., quoting George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  But there is further substantive point beyond the practical requirements of case management.

To allow Muhammad to pay one filing fee yet join disparate claims against nine defendants flies in the face of the letter and spirit of the PLRA.[5]  Compliance with the joinder rules "prevents prisoners from 'dodging' the fee obligation and '3-strikes' provision of the PLRA." Id.  As the court noted in Green:

> To permit plaintiff to proceed in this single action on unrelated claims against different defendants that should be litigated in separate action(s) would allow him to avoid paying the filing fees required for separate actions, and also allow him to circumvent the three strikes provision for any new and unrelated claims that might be found to be "strike" under 28 U.S.C. § 1915(g).

2009 WL 484457, at *3.

The comments of Judge Caputo concerning the allegations in the prisoner case of Pruden v. SCI-Camp Hill, No. 3:07cv0304, 2007 U.S. Dist. LEXIS 36874, at *5-6 (M.D. Pa. 2007), are equally apropos where he noted: "[p]laintiff's disparate claims share neither common legal issues nor common facts, and, accordingly, they are inappropriate for joinder under Rule 20.  A careful reading of Plaintiff's allegations shows that the only common thread they all share is that they

---

[5] In an effort to address the large number of prisoner complaints filed in federal court, Congress enacted the PLRA. See Roller v. Gunn, 107 F.3d 227, 230 (4th Cir. 1997).  Prisoner litigation continues to "account for an outsized share of filings" in federal courts.  Woodford v. Ngo, 548 U.S. 81, 94, n.4 (2006).  As the Supreme Court noted in Jones v. Bock, 549 U.S. 199, 203 (2007), "[m]ost of these cases have no merit; many are frivolous.  Our legal system remains committed to guaranteeing that prisoner claims of illegal conduct by their custodians are fairly handled according to law.  The challenge lies in ensuring that the flood of nonmeritorious claims does not submerge and effectively preclude consideration of the allegations with merit."  See Neitzke v. Williams, 490 U.S. 319, 327 (1989).  As Chief Justice Roberts noted in Jones,
> Congress addressed that challenge in the PLRA.  What this country needs, Congress decided, is fewer and better prisoner suits.  See Porter v. Nussle, 534 U.S. 516, 524 (2002) (PLRA enacted to "reduce the quantity and improve the quality of prisoner suits").  To that end, Congress enacted a variety of reforms designed to filter out the bad claims and facilitate consideration of the good.

549 U.S. at 203-04.
   Specifically, Congress created the so-called "three-strikes" rule under section 1915(g) of the PLRA in order to provide an economic incentive to prisoners to "stop and think" before filing a meritless complaint.  See Rogers v. Bluhm, No. 1:07cv1177, 2007 U.S. Dist. LEXIS 91646, 2007 WL 440187, at *1 (W.D. Mich. Dec. 13, 2007); Simba v. Branch, No. 1:07cv712, 2008 U.S. Dist. LEXIS 87728 (M.D.N.C. June 17, 2008).  Section 1915(g) states:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

allegedly occurred while he was incarcerated; the Defendants and the alleged actions are relatively unrelated, and they do not satisfy the elements of joinder." To allow Muhammad to essentially package many lawsuits into one complaint would undercut the PLRA's three-strikes provision and its filing fee requirement. See Patton v. Jefferson Correctional Center, 136 F.3d 458, 464 (5th Cir. 1998) (discouraging "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision); Pruden, 2007 U.S. Dist. LEXIS 36874, at *6 (M.D. Pa. 2007) ("In being permitted to combine in one complaint several separate, independent claims, Plaintiff is able to circumvent the filing fee requirements of the PLRA."); Valdez v. Dretke, No. H-04-2038, 2007 U.S Dist. LEXIS 54851 (S.D. Tex. 2007) (denying amendment of prisoner complaint making allegations against other defendants and involving more than one transaction).

Accordingly, Muhammad's complaint may not proceed as it is presently filed because it improperly joins together multiple claims and multiple defendants. Nevertheless, Muhammad will be given an opportunity to file an Amended Complaint. The amended complaint must be complete in all respects. *It must be a new pleading which stands by itself without reference to the complaint, attachments, or amendments already filed. The complaint must comply with the joinder rules.* This procedure mirrors closely the approach recently taken by this court in Canada v. Ray, No. 7:08cv00219 (W.D. Va. Aug. 10, 2009) and Showalter v. Johnson, No. 7:08cv00276 (W.D. Va. May 12, 2009), Judge Caputo in Pruden, No. 3:07cv0604, 2007 U.S. Dist. LEXIS 36874, at *8, and Judge Crabb in Muehl v. Thurmer, No. 09cv16, 2009 U.S. Dist. LEXIS 7243, 2009 WL 249978 (W.D. Wis. Feb. 2, 2009), and Banks v. Adler, No. 09cv009, 2009 U.S. Dist. LEXIS 9430, 2009 WL 330146 (W.D. Wis. Feb. 9, 2009).

## II.

Muhammad may, if he so chooses, pursue one lawsuit, properly filed and pled. To pursue any legal claim, however, Muhammad MUST file a new Amended Complaint complying with Rules 18 and 20 of the Federal Rules of Civil Procedure. *Muhammad's filings to date will not be considered by the court and should not be referenced by Muhammad in any Amended Complaint.*

This Memorandum Opinion does not address Muhammad's claims on the merits, and it does not mean that he loses his right to litigate any of the claims he has pled to date solely by virtue of this determination. Muhammad may file completely separate lawsuits naming such defendants and claims. He simply may not litigate all of his unrelated claims against all these defendants in this single suit. Each new lawsuit will obligate Muhammad to pay the $350.00 district court filing fee. Additionally, both the Amended Complaint and any new, separately filed complaints will be subject to judicial screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.

An Order consistent with this Memorandum Opinion will be filed this day.

Entered: January 12, 2012

/s/ Robert S. Ballou

Robert S. Ballou
United States Magistrate Judge